## CIRCUIT COURT OF THE CITY OF RICHMOND

Sunnybrook Homes, Inc.,
and Ernest Sneed

v.

Mark D. Sikkar
and Donna M. Sikkar

October 24, 2005

Case No. LT-270-3

By Judge T. J. Markow

This is a petition to vacate an arbitration award under Va. Code § 8.01-581.010(1). Evidence and argument were heard on October 11, 2005.

Petitioners Sunnybrook Homes, Inc., and Ernest S. Sneed ask that an award be set aside because "The award was procured by corruption, fraud, or other undue means;" Va. Code § 8.01-581.010(1).

The underlying dispute arose under a contract that Sunnybrook entered with Mark D. Sikkar and Donna M. Sikkar for the construction of a home described in the plans and specifications and referred to in the contract as "The Montpelier." Sunnybrook refused to perform, and the Sikkars presented for arbitration the issues of breach of contract and damages flowing therefrom.

An arbitration damage award was entered against Sunnybrook for $39,000. Sunnybrook does not contest the finding that there was a breach of contract. It complains, however, that the award was procured by fraud etc. in that the Sikkars and their attorney represented to the arbitrator at the hearing, in discovery, and in resisting discovery that the house they actually built was not the same as the "Montpelier" that Sunnybrook contracted to build. This led the arbitrator to base his award on "the difference between the price in the contract ($327,752.00) and the cost to build the same house subsequent to the

breach." Exhibit 6E, Award of Arbitrator, p. 3. Because of these representations by the Sikkars, the arbitrator believed that he could not utilize the contract measure of damages:

> In the event that Contractor defaults in the performance of this Contract, Owners shall be entitled to recover from Contractor that cost to complete performance which exceeds the agreed contract price plus any court costs and attorney's fees.

Petitioner's Exhibit 3, Construction Contract, p. 5.

The evidence amply supports a finding that the Sikkars were building the "Montpelier" at the time of the arbitration hearing. That was the house that was completed and occupied within three months of the hearing and was, at least, 60 percent completed at the time of the hearing.

Similarly, the evidence is clear that the house built was the same as that Sunnybrook contracted to build. The materials requested in discovery by Sunnybrook would have allowed a determination of the actual costs incurred by the Sikkars in building the Montpelier, which could have been contrasted with Sunnybrook's contract price to determine damages provided for in the contract. Instead, the arbitrator was forced to rely on an estimate of damages rather than actual damages. Whether they would have been more or less is not known and cannot be shown as the Sikkars have withheld the information on which that conclusion is based.

The issue here is whether such conduct supports setting aside the award under Va. Code § 8.01-581.010(1).

The court is mindful that decisions of arbitrators are to be given great deference. Here, the issue is not the decision of the arbitrator, but whether it was obtained by fraud or other undue means, i.e., was the process so flawed that a proper decision could not be reached?

It is not necessary that common law fraud be found. A finding that the decision was procured by "other undue means" provides an alternative basis to set aside an award. Here, fraud or other undue means are present.

The Sikkars, their counsel, and their expert witness, on numerous occasions, insisted that they were not building the "Montpelier." While they consistently used the term "same" house to imply that the exact house was not being built, the adjective "same" used in that manner is a rank duplicity. No house built by different people would be exactly "the same." Common knowledge teaches us that, even when built by the same person from the same

plans, different owners insist on changes so that each of the houses is somewhat different and not "the same" in the sense of the term used by the Sikkars as meaning the exact same house.

Were that argument made to the arbitrator at the hearing and supported by evidence, the decision could not be reviewed by this court. Here, however, representations were consistently made in the context of discovery and without any evidentiary support which led the arbitrator to conclude that, indeed, a different house was being built and information concerning it was beyond the scope of discovery. It is particularly important that the representations that the house was not the "same" were made by the Sikkars' attorney whose representations as an officer of the court should be considered reliable.

The court concludes that this award was obtained by fraud or other undue means. It is hereby ordered that the Award of Arbitrator of June 23, 2004, is hereby vacated solely on the issue of the award of damages. This order does not affect the arbitrator's determination that Sunnybrook breached its contract with the Sikkars.

This matter is remanded for arbitration of the amount of damages to which the Sikkars are entitled under the contract, if any. That issue should be easily calculated from the materials requested by Sunnybrook. Should agreement not be possible, a different arbitrator should be selected.